Maurice GROSSMAN, Plaintiff,

v.

COMMISSIONER OF INTERNAL REVE-
NUE, United States Veterans Adminis-
tration, and United States Civil Com-
mission, Defendants.

No. C–86–5797 JPV.

United States District Court,
N.D. California.

June 22, 1987.

Robert M. Lubin, Goodman, Quintero,
Lubin & Frederick, Redwood City, Cal., for
plaintiff.

David L. Denier, Asst. U.S. Atty., San
Francisco, Cal., for defendants.

ORDER DENYING PLAINTIFF'S MO-
TION FOR SUMMARY JUDGMENT
AND GRANTING DEFENDANTS'
CROSS–MOTION FOR SUMMARY
JUDGMENT

VUKASIN, District Judge.

On June 11, 1987, this matter came be-
fore the court on the plaintiff's motion for
summary judgment and the defendants'
cross-motion for summary judgment. The
motions were deemed submitted on the
written pleadings and no appearances were
entered by counsel. Upon full considera-
tion of the written arguments presented in
support of and in opposition to the motions,
the court by this order grants the defend-
ants' cross-motion for summary judgment.

Plaintiff, Maurice Grossman, served as a medical officer in the United States Veteran's Administration from 1938–1953. Grossman alleges that in 1953 he was erroneously told by an unnamed individual at the Veteran's Administration that upon his resignation he would sacrifice all accrued pension rights. He qualified for a civil service annuity on or about December 5, 1969 upon reaching the age of sixty-two.

In 1980, the plaintiff learned of his qualification for a pension and applied for his benefits. On April 20, 1981 he received a lump sum payment of $36,021.83 which represented the accumulated pension benefits from December 5, 1969 through April 20, 1981. Of this total, $32,334.83 was taxable to the plaintiff. Grossman did not receive any interest to compensate him for the delayed receipt of his annuity.

Plantiff reported the $32,334.83 as income on his 1981 federal income tax return which he timely filed. He computed his federal income tax for 1981 in accordance with Schedule G availing himself of the income averaging provisions of the Internal Revenue Code. Subsequently, he filed an amended return for 1981 including as income only that portion of his annuity which was payable for 1981. Grossman claimed an income tax refund for $11,397.67. On July 19, 1982, the plaintiff was assessed an estimated tax penalty of $930.96 for 1981 based on the lump sum payment. The Internal Revenue Service allowed the plaintiff's claim for refund only in the amount of $915.50.

On October 8, 1986, the plaintiff filed this action for a tax refund. Grossman named the Commissioner of Internal Revenue, the United States Veteran's Administration and the United States Civil Service Commission as defendants.

■ The plaintiff has named the Commissioner of the Internal Revenue as the defendant to this civil tax refund case. The defendant move this court to substitute the United States of America as the proper party-defendant. The proper party-defendant in a civil tax refund suit is identified in 26 U.S.C. Section 7422(f)(1). This section provides that such actions are to be maintained only against the United States and not against any officer or employee of the United States. Accordingly, the court grants the substitution.

■ The plaintiff has named the Veteran's Administration and the Civil Service Commission as defendants in this suit with respect to the civil service annuity. However, the proper procedure by which to present a civil annuity claim requires that the claim first be brought before the Office of Personnel Management. Administrative level review is available before the Merit Systems Protection Board. The United States Court of Appeals for the Federal Circuit has exclusive jurisdiction for judicial review over the final order or final decisions of the MSPB. 28 U.S.C. section 1295(a)(9). Accordingly, the district court does not have jurisdiction to review any civil service annuity claims.

■ Treasury Regulations Section 1.451–1(a) (1954) provides that items of gain, profit and income are to be included as gross income for the tax year in which such items are actually or constructively received by the taxpayer, unless includible for a different year in accordance with the taxpayer's method of accounting. That regulation further provides that, under the cash receipts and disbursements method of accounting, such an amount is includible in gross income when actually or constructively received. Since the plaintiff is a cash basis taxpayer, the lump sum payment of annuity benefits including the retroactive benefits should be included in his gross income for 1981, the year of receipt.

■ The plaintiff contends that the equitable doctrine of recoupment, which was condoned in the case, *Doner v. Commissioner*, 786 F.2d 1152 (4th Cir.1986), should be applicable to the present case in order to allow him to prorate the retroactive benefits to tax years in which they were accrued. Although, the *Doner* case and the case at hand are factually similar, a crucial distinction is that plaintiff in *Doner* tried for almost 12 years to have the Navy change her deceased husband's status from active to retired so she could obtain higher

widow annuity benefits. In 1978, the Navy corrected the mistaken status pursuant to 10 U.S.C. section 1552. The *Doner* Court held that it was only equitable to allow Mrs. Doner to prorate her lump sum payment. Here, plaintiff Grossman never made a documented attempt before any administrative agencies to collect his annuity prior to 1980. There was no denial of annuity benefits in 1969 and agency reconsideration in 1980. The first request for benefits resulted in prompt payment. The ancient maxim "Equity Aids the Vigilant" appears applicable to these facts. It would not be equitable to allow the plaintiff to benefit from this asserted doctrine of recoupment. Moreover, it appears to this court that the *Doner* court did not in fact rely upon equitable recoupment as a basis for its decision but rather it relied exclusively upon 10 U.S.C. section 1552. This statute imposes on the Secretary of the armed forces a twofold duty to evaluate any error or injustice and to take such corrective action as will appropriately and fully erase such error or compensate such injustice. *Caddington v. United States,* 178 F.Supp. 604, 606 (Ct.Cl.1959). The defendant herein correctly contends that the Civil Service Retirement Act contains no corresponding or similar provision to 10 U.S.C. section 1552; therefore, *Doner* provides no authority for the plaintiff's claim for refund of internal revenue taxes.

Accordingly, IT IS HEREBY ORDERED that the plaintiff's motion for summary judgment is DENIED. And IT IS FURTHER ORDERED that the defendant's cross-motion for summary judgment is GRANTED.